**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

JOSEPH CLARK,

          Plaintiff,

-vs-                                      Case No.  2:07-cv-384-FtM-34SPC

AQUADOC, INC.,

          Defendant.
_____

**O R D E R**[1]

**THIS CAUSE** is before the Court on Magistrate Judge Sheri Polster Chappell's Report and Recommendation (Dkt. No4 29; Report), entered on September 5, 2007, recommending that Plaintiff Joseph Clark and AquaDoc, Inc.'s Joint Notice of Settlement and Motion for Approval (Dkt. No. 23; Joint Notice and Motion) be granted.  See Report at 2.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b).  If no specific objections to findings of facts are filed, the district court is not required to conduct a de novo review of those findings.  See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993); see also 28 U.S.C. § 636(b)(1).  However, the district court must review legal conclusions de novo.  See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); United States v. Rice, No. 2:07-mc-8-FtM-29SPC, 2007 WL 1428615, at * 1 (M.D. Fla. May 14, 2007).

---

[1] This is a "written opinion" under § 205(a)(5) of the E-Government Act and therefore is available electronically.  However, it has been entered only to decide the motions addressed herein and is not intended for official publication or to serve as precedent.

Thus, the Court has conducted an independent examination of the record and a <u>de novo</u> review of the legal conclusions.  In this case, Plaintiff filed suit against Defendant, in part, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (FLSA), seeking recovery of unpaid overtime and wages.  <u>See</u> Complaint for Damages (Dkt. No. 1).  Thereafter, the parties engaged in extensive settlement negotiations, which resulted in a resolution of the issues and claims raised in this case.  <u>See</u> Joint Motion (Dkt. No. 23).  Upon review of the record, including the Report, Joint Motion, and Settlement Agreement and General Release, the undersigned notes that Plaintiff has specifically confirmed that the agreed payment by Defendant "resolves his claims in full without compromise."  Thus, the Court will accept and adopt Judge Chappell's Report. [2]

Accordingly, it is hereby **ORDERED**:

1. With the addition of footnote 2 below, Magistrate Judge Sheri Polster Chappell's Report and Recommendation (Dkt. No. 24) is **ADOPTED** as the opinion of the Court.

2. The Joint Notice of Settlement and Motion for Approval (Dkt. No. 23) is **GRANTED**.

3. For purposes of satisfying the FLSA, the Settlement Agreement and General Release is **APPROVED**.[3]

---

[2] In reaching this conclusion, the Court recognizes that where there is a compromise, the Court must consider the reasonableness of any award of attorney's fees, but it is not required to conduct "'an in depth analysis . . . unless the unreasonableness of such award is apparent from the face of the documents.'" <u>King v. My Online Neighborhood, Inc.</u>, No. 6:06-cv-435-Orl-22JGG, 2007 WL 737575, at *4 (M.D. Fla. Mar. 7, 2007) (quoting <u>Perez v. Nationwide Protective Servs.</u>, Case No. 6:05-cv-328-ORL-22JGG (Oct. 31, 2005)).  As the matter has been resolved without compromise, total fee award sought in this case is not patently unreasonable and Defendant does not contest the reasonableness of the award, the Court has not conducted an in-depth analysis of the attorney's fees sought.  Accordingly, the award of attorney's fees in this action does not reflect a determination that the hourly rate charged by Plaintiff's counsel constitutes a reasonably hourly rate in this or any applicable market.

[3] The Court declines to retain jurisdiction to enforce the terms of the Settlement Agreement and General Release. The terms of the agreement are not incorporated into this Order and will not be made a part
(continued...)

    4.    This case is **DISMISSED WITH PREJUDICE**.

    5.    The Clerk of the Court is directed to terminate any pending motions or deadlines as moot and close this file.

**DONE AND ORDERED** at Fort Myers, Florida, this <u>13th</u> day of November, 2007.

<em>/s/ Marcia Morales Howard</em><br>
MARCIA MORALES HOWARD<br>
United States District Judge

cd2

Copies to:

Counsel of Record

---

[3] (...continued)
of any judgment of this Court.